DECISION AND JOURNAL ENTRY
Defendant Robert Dee Valentine appeals an order of the Lorain County Court of Common Pleas that adjudicated him to be a sexual predator. We affirm.
In August 1992, Defendant was indicted on two counts of rape of a person less than thirteen years old, in violation of R.C. 2907.02(A)(1)(b). Defendant pleaded not guilty. He later pleaded guilty to two counts of attempted rape and was sentenced accordingly.
On February 11, 2000, a hearing was held in the trial court as to whether Defendant should be adjudicated a sexual predator, pursuant to R.C. 2950.09(C). The trial court reviewed the presentence investigation report and heard argument by the State and by counsel for Defendant. Defendant was found to be a sexual predator. He timely appealed to this court.
Defendant asserts two assignments of error. We will address each in turn.
 First Assignment of Error TRIAL COURT ERRED WHEN IT FAILED TO FIND R.C. CHAPTER 2950 UNCONSTITUTIONAL UNDER THE UNITED STATES CONSTITUTION AND THE STATE OF OHIO CONSTITUTION.
 In his first assignment of error, Defendant raises the constitutionality of the sexual predator laws, R.C. Chapter 2950, under various state and federal constitutional provisions: retroactivity, ex post facto, right to privacy, double jeopardy, equal protection, and cruel and unusual punishment. Each of these arguments has been rejected previously. See State v. Williams (2000), 88 Ohio St.3d 513, 525-32; State v. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus; State v. DeAngelo (Mar. 10, 1999), Lorain App. No. 97CA006902, unreported, at 2-3; State v. Nuckols (Aug. 26, 1998), Wayne App. No. 97CA0076, unreported, at 17. The first assignment of error is overruled.
 Second Assignment of Error THE TRIAL COURT ERRED TO THE PREJUDICE OF [DEFENDANT] WHEN IT FOUND [DEFENDANT] TO BE A SEXUAL PREDATOR EVEN THOUGH THE STATE FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT [DEFENDANT] WAS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
Defendant argues in his second assignment of error that the trial court's decision to designate him a sexual predator was not supported by clear and convincing evidence. We disagree. When determining whether an offender who was convicted prior to 1997 is to be adjudicated as a sexual offender, a trial court must hold a hearing pursuant to R.C. 2950.09(C). The hearing is conducted in the manner directed by R.C. 2950.09(B)(1). "At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." Id. In making this determination, the trial court must consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
In order for a trial court to adjudicate an offender as a sexual predator, the court must consider the factors outlined above and the testimony and evidence presented, and determine whether there is clear and convincing evidence that the offender is a sexual predator. R.C.2950.09(B)(3). The standard of clear and convincing evidence is met if the evidence produces a firm belief or conviction as to the matter to be established in the mind of the trier of fact. State v. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported, at 3. In reviewing the trial court's decision, we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard.Cross v. Ledford (1954), 161 Ohio St. 469, 477.
The record shows the following: At the time that the offenses underlying the present appeal, two counts of attempted rape, were committed, Defendant was twenty-nine years of age. Defendant did not have any previous convictions. The victim was less than thirteen years old at the time the offenses were committed. Defendant was originally indicted on two counts of rape involving the one victim; however, there were statements in the presentence investigation report that there were five or six acts involving Defendant and the victim and that there were other uncharged acts involving two or three other child victims. Defendant stated at the hearing that he had completed sexual offender programs while serving his current prison sentence. The two convictions, as well as the additional acts alleged, demonstrate a pattern of abuse.
The evidence before the trial court creates a firm conviction that Defendant is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The second assignment of error is overruled.
Defendant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 ___________________________ LYNN C. SLABY
BAIRD, P. J. CARR, J., CONCUR.